IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
STATE OF MISSOURI

| | |
|---|---|
| DARIUS SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | CIVIL ACTION |
| GENERAL MOTORS, ) | FILE NO. |
| ) | |
| Respondent. ) | |

## PETITION FOR DAMAGES

**COMES NOW,** *DARIUS SMITH* (hereinafter "Petitioner") and files this *PETITION FOR DAMAGES* against *GENERAL MOTORS* (hereinafter the "Respondent") and shows this Honorable Court the following:

**1.**
Respondent General Motors is a limited liability company. Respondent may be served a copy of the Petition for Damages at registered agent CSC of St. Louis County, Inc. MC-CSC1 9666 Olive Boulevard, Suite 690, St. Louis, Missouri 63132-3026. Respondent is subject to the jurisdiction of this Court, and venue is proper in this Court as the tortious activity occurred in this jurisdiction.

**2.**
Petitioner intends to prove that he has been personally harmed by the actions of Respondent. Respondent engaged in numerous acts of harassment, discrimination and retaliation because of Petitioners race.

**3.**
As shown from the facts contained herein, Respondent is guilty of the alleged acts resulting in injury to the Petitioner. Respondent is therefore liable to Petitioner for the damages directly caused by their actions.

## STATEMENT OF FACTS

**4.**
Petitioner was an employee of General Motors located in Wentzville, Missouri.

**5.**

Since May of 2015, Petitioner has experienced harassment from various managers while employed by Respondent.

**6.**

Petitioner contends that he has been regularly "cussed out" and subjected to disparaging remarks by management.

**7.**

Petitioner contends that he was forced to perform tasks outside of his job description or be subject to termination regularly.

**8.**

Petitioner contents that there is a culture of discrimination against African Americans at General Motors.

**9.**

Petitioner contends that his job was threatened on numerous occasions by management without cause, including by Brandon Admire and Tyler Booth.

**10.**

Petitioner contends that he was warned to stop filing grievances or he would be terminated.

**11.**

Petitioner contends that he was assaulted by a manager named Tracy (Last name unknown) when she threw a safety vest at him and it struck him out of anger.

**12.**

Petitioner contends that in front of a witness, Tracy also stated that she would make up a reason to throw him out of work.

**13.**

Petitioner contends that Tracy also gave him the "middle finger" while working on the floor in front of witnesses.

**14.**

Petitioner contends that the retaliation against him increased after he reported a Hitler sign on a door at work.

**15.**

Petitioner contends that he was verbally abused by Gerald Thornhill on multiple occasions.

**16.**

Petitioner contends that he was written up on numerous occasions for doing other activities that Caucasian counterparts were permitted to do, such as using his phone, talking or waiting for a truck to come into the dock.

**17.**

Petitioner contends that several times that he was put on "notice" or disciplined at work for activities that his Caucasian partner assigned to the same truck was not written up for doing.

**18.**

Petitioner contends that Respondent discriminated against him on numerous occasions, failed to respond to grievances and complaints filed and failed to adhere to their own policies based on his race and as retaliation for the complaints he made against certain parties.

## COUNT I- HARASSMENT

**19.**

Petitioner hereby incorporates by reference the above paragraphs of his Complaint as if the same were fully set forth at length herein.

**20.**

Respondent has violated the Missouri Human Rights Act by harassing Petitioner based on his race and failing to address harassment complaints thereby creating a hostile working environment.

**21.**

It is unlawful to discriminate against any employee or applicant for employment because of his race in regard to hiring, termination, promotion, compensation, job training, or any other term, condition, or privilege of employment.

**22.**

"A person commits the offense of harassment in the first degree if he or she, without good cause, engages in any act with the purpose to cause emotional distress to another person, and such act does cause such person to suffer emotional distress…"

**23.**

Petitioner was subjected to acts of contempt and disregard by several direct supervisors. He attempted to seek a remedy through filing grievances, speaking to the union leaders and numerous members of management.

**24.**

The inappropriate comments, actions and behaviors created a hostile working environment

that began to cause Petitioner stress regarding his ability to remain employed with the company.

**25.**

Respondent is liable to Petitioner for all damages resulting from the failure to address the actions of their employees.

**WHEREFORE,** Petitioner prays for judgment on Count I of his Complaint against Respondent in an amount that is fair and reasonable, for costs, attorney's fees and for any other relief the Court deems proper.

## COUNT II- HOSTILE WORK ENVIRONMENT

**26.**

Petitioner hereby incorporates by reference the above paragraphs of his Complaint as if the same were fully set forth at length herein.

**27.**

"To prevail on a claim for hostile work environment, a plaintiff must prove: (1) he is a member of a protected group; (2) he was subjected to unwelcome [protected group] harassment; (3) his [membership in a protected group] was a contributing factor in the harassment; (4) a term, condition, or privilege of his employment was affected by the harassment; and (5) the [employer] knew or should have known of the harassment and failed to take appropriate action. *See Barekman v. City of Republic, 232 S.W.3d 675, 679 (Mo. App. S.D.2007).*

**28.**

Discriminatory harassment affects a term, condition, or privilege of employment if it is sufficiently severe or pervasive enough to alter the conditions of a Plaintiffs employment and create an abusive working environment. *See Cooper v. Albacore Holdings, Inc., 204 S.W.3d 238, 244 (Mo.App. E.D.2006).*

**29.**

The conduct must be sufficient to create a hostile work environment, both as it was subjectively viewed by the plaintiff and as it would be objectively viewed by a reasonable person. Id. at 245." *Alhalabi v. Mo. Dept. of Natural Resources, 300 S.W.3d 518 (Mo. App., 2009)*

**30.**

Petitioner is a member of a protected group by nature of his race. He was subjected to degrading comments; arbitrary punishments; aggressive words/actions; and various other forms of harassment. Respondent was made aware of the harassment, through numerous grievances and reports to management, and failed to take appropriate action.

**31.**

The discrimination and harassment experienced by Petitioner affected his employment in a severe and pervasive manner in that he was wrongfully disciplined; accosted verbally and physically without cause due to his race.

**32.**

Petitioner and any other reasonable person would view the acts by Respondent as sufficient to create a hostile work environment.

**33.**

Petitioner is damaged by the actions of Respondent by being forced to work in a hostile work environment. Respondent is thereby liable.

**WHEREFORE**, Petitioner prays for judgment on Count II of his Complaint against Respondent in an amount that is fair and reasonable, for costs, attorney's fees and for any other relief the Court deems proper.

## COUNT III- DISCRIMINATION

**34.**

Petitioner hereby incorporates by reference the above paragraphs of his Complaint as if the same were fully set forth at length herein.

**35.**

R.S.M.O. 213.055. 1. "It shall be an unlawful employment practice: (1) For an employer, because of the race, color, religion, national origin, sex, ancestry, age or disability of any individual: (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability…"

**36.**

Respondent arbitrarily disciplined, verbally and physically accosted based solely on his race.

**37.**

Respondent has a policy against bullying and harassment, yet failed to address the numerous grievances and reports filed by Petitioner.

**38.**

Additionally, Respondent also failed to address the incident of assault against Petitioner by a supervisor.

**39.**

Respondent is liable to Petitioner for all damages resulting from discrimination resulting from the verbal, physical and disciplinary attacks against Petitioner.

**WHEREFORE**, Petitioner prays for judgment on Count III of his Complaint against Respondent in an amount that is fair and reasonable, for costs, attorney's fees and for any other relief the Court deems proper.

## COUNT IV- RETALIATION

**40.**

Petitioner hereby incorporates by reference the above paragraphs of his Complaint as if the same were fully set forth at length herein.

**41.**

R.S.M.O. 213.070. "It shall be an unlawful discriminatory practice: (2) To retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by this chapter or because such person has filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding or hearing conducted pursuant to this chapter..."

**42.**

Respondent has continued and escalated their harassment of Petitioner ever since he complained about a Nazi sign placed on a door in the facility. The harassment also increased after filing an EEOC complaint.

**43.**

Respondent's actions amount to retaliation which is a violation of the law and against public policy. Respondent's actions also violate their own company policy against bullying and harassment.

**44.**

Petitioner is damaged by the actions of Respondent by suffering mental anguish and despair. Respondent is therefore liable for said breach.

**WHEREFORE**, Petitioner prays for judgment on Count IV of his Complaint against Respondent in an amount that is fair and reasonable, for costs, attorney's fees and for any other relief the Court deems proper.

This 11th day of March 2020.

Respectfully submitted,

*Aryka N. Moore*

ARYKA N. MOORE, ESQ.
MO Bar #66504
Attorney for Petitioner
**WEATHERS LAW LLC**